IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIM B.[1], | Case No. 3:18-cv-1815-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ANDREW M. SAUL,** Commissioner of Social Security, | |
| Defendant. | |

Ari D. Halpern, HALPERN LAW GROUP, P.C., 62910 O.B. Riley Road, Suite 100, Bend, OR 97703, Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Jeffrey E. Staples, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Kim B. ("Plaintiff") seeks judicial review of the denial of her application for Social

Security Disability Insurance Benefits by the Commissioner of the Social Security

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Administration ("Commissioner"). For the following reasons, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff applied for disability insurance benefits on April 25, 2015, alleging disability due to her fibromyalgia, anxiety, depression, neuropathy, degenerative disease of the cervical spine, obesity, and chronic pain and fatigue. Plaintiff alleged an onset date of December 20, 2014. AR 14. Plaintiff's date of birth is June 8, 1967 and was 47 years old at the time of the alleged disability onset.

The Commissioner denied Plaintiff's claim initially and again on reconsideration. Plaintiff requested a hearing, which was held before ALJ Elizabeth Watson on August 16, 2017. AR 30. On November 17, 2017, ALJ Watson issued a decision denying the claim. AR 11. Plaintiff requested review of the hearing decision, which the Appeals Council denied on August 14, 2018. AR 1. Plaintiff now seeks judicial review.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

> 1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay

or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 20, 2014, the alleged disability onset date. AR 16. The ALJ then found that Plaintiff suffered from fibromyalgia, headaches, spondylitis, and facet arthropathy of the cervical spine, major depressive disorder, and a somatic symptom disorder. *Id.* She further found that these impairments were severe because they significantly limited Plaintiff's ability to perform basic work activities. Proceeding to step three of the analysis, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, including listing 3.03 (asthma), 11.03, 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders, and 14.09 (inflammatory arthritis). The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations:

> the claimant can lift and/or carry 20 pounds occasionally and 10
> pounds frequently; she can stand and/or walk for six hours out of
> an eight-hour workday with regular breaks. The claimant can sit
> for six hours out of an eight-hour workday with regular breaks.
> The claimant is limited to no more than occasional climbing of
> ramps or stairs and no climbing of ladders, ropes, or scaffolds. The
> claimant is limited to no more than occasional stooping, kneeling,
> crouching, and crawling. The claimant is limited to no more than
> frequent bilateral handling and fingering. The claimant is limited to
> understanding and carrying out simple instructions. The claimant is
> limited to no contact with the general public and no more than
> occasional contact with coworkers and supervisors.

AR 19.

In formulating the RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 20. The ALJ also gave "little weight" to the opinion of PA-C Jamie Kenney, who had provided services to Plaintiff since 2014 and who opined that Plaintiff would have marked serious limitations in understanding and remembering complex instructions, maintaining regular attendance, and carrying out complex instructions, as well as completing a normal workday or performing at a consistent pace. AR 21. Ms. Kenney also opined that Plaintiff would miss more than four days of work a month due to her impairments and related treatment. *Id.* The ALJ gave "great weight" to the opinions of Dr. Michelle Whitehead, PhD, who conducted a comprehensive psychodiagnostics examination of Plaintiff and opined that she would have moderate limitations in carrying out complex instructions, making judgments on complex matters, interacting with the public, coworkers, or supervisors, and adapting to changes in routine. *Id.* The ALJ gave "great weight" to the psychological assessments of Dr. MaryAnn Wharry, PsyD, the State agency consultant. *Id.* Dr. Wharry opined that Plaintiff's mental impairments would cause mild limitations to daily living

and moderate limitations to social functioning and concentration, persistence, and pace. *Id.* The ALJ gave no weight to Dr. Wharry's opinion regarding Plaintiff's physical limitations. *Id.*

At step four, the ALJ found Plaintiff could not perform any of her past relevant work. AR 22. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. AR 23. Specifically, the ALJ found Plaintiff could perform such representative occupations as electronics worker, price marker, or laundry folder. *Id.* Accordingly, the ALJ found Plaintiff was not disabled from December 20, 2014 through the date of decision, November 14, 2017. AR 24.

## DISCUSSION

Plaintiff challenges the ALJ's findings on four bases: (1) the ALJ erred in finding that Plaintiff's combined mental and physical impairments did not meet the criteria of Listings 12.04, 12.06, or 14.09D and by failing to explain her finding; (2) the ALJ erred in discounting Plaintiff's testimony about her impairments as not entirely consistent with the record without specifying which portions of the record contradict Plaintiff's testimony; (3) the ALJ erred in failing to provide a reason to reject the statements of lay witness Cathy B., Kim B.'s wife; and (4) the ALJ erred by giving "little weight" to the opinion of PA-C Kenney without specifying the portion of the record that undermines Ms. Kenney's opinions.

### A. Whether Plaintiff's Combined Impairments Equal a Listing

"Listed impairments are purposefully set at a high level of severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (quoting *Sullivan v. Zebley*, 492 U.S. 521, 532 (1980)). 20 C.F.R. Pt. 404, Subpt. P, App'x 1. Plaintiff asserts that her impairments, either on their own or in combination, equal Listing 14.09D, 12.04, and 12.06.

The Commissioner must consider the combined effect of all the individual's impairments, physical and mental, throughout the sequential analysis in determining the severity of a claimant's impairments. 42 USC § 423(d)(2)(B). The ALJ did not mention Plaintiff's fibromyalgia in her step three analysis and does not appear to consider the combined effect of Plaintiff's mental and physical impairments. Nor does the ALJ explain her analysis beyond boilerplate conclusions. These failures are legal error. *See Marcia v. Sullivan*, 900 F.2d 172, 167-77 (9th Cir. 1990) ("in determining whether a claimant equals a listing under step three of the [Commissioner's] disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairment.")

Lacking further elaboration by the ALJ, it is difficult to know if the ALJ considered both physical and mental impairments in concluding that Plaintiff did not equal a Listing. Dr. Whitehead and Dr. Wharry were qualified to evaluate only Plaintiff's mental conditions. The rest of the record, including Plaintiff's testimony, the lay witness testimony of Plaintiff's wife, and PA-C Kenney's opinion, support the ALJ's findings that Plaintiff's fibromyalgia, headaches, spondylitis, and facet arthropathy of the cervical spine were "severe." AR 16. The ALJ points to no evidence in the record that undermines Plaintiff's evidence of physical impairment (other than her rejection of Plaintiff's claims that she was severely impaired by her obesity and bilateral carpal tunnel syndrome). AR 16-17. Dr. Whitehead opined that Plaintiff's *mental* impairments were only "moderate" limitations on Plaintiff's capacity to carry out complex instructions, make judgments on complex matters, and interact with the public, coworkers, or supervisors. The ALJ does not explain why Plaintiff's significant physical ailments do not exacerbate these "moderate" impairments. Similarly, the ALJ cites Dr. Wharry's opinion that Plaintiff's mental impairments were either mild or moderate, but explicitly rejects Dr. Wharry's opinion on Plaintiff's physical

limitations. Again, the ALJ does not explain how Plaintiff's mental and physical impairments *in combination* do not rise to a level of severity that equals a Listing. Thus, the ALJ's legal error is reversible error. Plaintiff argues that Plaintiff's combined impairments equal Listings 14.09D, 12.04, and 12.06, and asks the Court to remand for immediate payment of benefits accordingly.

1. **Listings 12.04 and 12.06**

Plaintiff claims that if the ALJ properly considered her physical and mental impairments in combination, they would equal Listings 12.04 and 12.06. To satisfy the Paragraph B requirements of these Listings, the plaintiff must show marked limitations in two or more criteria or extreme limitations in one of the Paragraph B criteria. The ALJ, evaluating only Plaintiff's mental impairments, found that Plaintiff had moderate limitations in all four of the Paragraph B criteria. Separately the ALJ acknowledged that Plaintiff experienced the severe physical impairments of fibromyalgia, headaches, spondylitis, and facet arthropathy of the cervical spine. It follows, Plaintiff argues, that had the ALJ properly considered these physical impairments in combination with Plaintiff's mental impairments, she necessarily would have concluded that Plaintiff's physical impairments elevated her limitations in the Paragraph B criteria to "marked," the next-highest level of limitation. While it is plausible or even likely that consideration of Plaintiff's physical impairments in combination with her mental impairments would amount to marked limitations in two or more of the Paragraph B criteria, it is not necessarily true. The Court is ill-equipped to make such a conclusion on review of the Commissioner's decision. This determination is best left to the Commissioner on remand.

2. **Listing 14.09D**

Similarly, it is inappropriate for the Court to conclude that proper consideration of Plaintiff's physical and mental impairments necessarily equal Listing 14.09D. Listing 14.09D (inflammatory arthritis) requires "repeated manifestations of inflammatory arthritis, with at least

PAGE 9 – OPINION AND ORDER

two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at a marked level: (1) Limitations of activities of daily living; (2) Limitation in maintaining social functioning; (3) Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace." 20 C.F.R. Part 404, Subpart P, App. 1, Section 14.09D. Plaintiff is free to make her arguments on remand, where the ALJ is better positioned to weigh the factual evidence.

## B. Plaintiff's Subjective Symptoms

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25 2017).[2] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering

---

[2] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

The Commissioner superseded Social Security Rule ("SSR") 96-7p governing the assessment of a claimant's "credibility" and replaced it with SSR 16-3p. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency, and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity,

persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id*. at *6-7. The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for rejecting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ, applying the first step of the credibility framework, found that "the claimant's medically determinable impairments could reasonably be expected to cause *some of* the alleged symptoms." AR 20 (emphasis in original). In applying the second step, however, the ALJ found that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* The ALJ does not identify which testimony or which alleged symptoms are inconsistent with the record. Nor does the ALJ point to any specific evidence to support her finding, stating only that she made her decision "for the reasons explained in this decision." Accordingly, the Court cannot identify any "specific, clear, and convincing" reasons for rejecting the full veracity of Plaintiff's statements. The Commissioner attempts to provide post-hoc justifications for the ALJ's rejection of Plaintiff's testimony. Even if this were proper under the *Chenery* doctrine, the rationales the Commissioner provides are not convincing. *See SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943).

First, the Commissioner says the ALJ found that Plaintiff's conditions improved with treatment. But the ALJ did not cite the fact that Xanax was "effective without side effects" as a

basis for rejecting Plaintiff's testimony. Rather, the ALJ merely noted that "[t]he claimant also has a history of mental impairments. Treatment notes dated March 21, 2016 indicated the claimant had mild, infrequent symptoms of anxiety and panic that were treated with Xanax. The medication was 'effective without side effects.'" AR 20. The ALJ's summary then acknowledges that Plaintiff's condition later worsened, and that on October 13, 2016, she "had a labile affect and a depressed mood and was easily flustered and unable to stay on task of questions." *Id.* Despite the Commissioner's argument that the ALJ reasonably weighed this evidence against Plaintiff's reports of disabling symptoms, the ALJ never gave such an explanation. Furthermore, the ALJ credited Plaintiff's testimony that she experiences panic attacks when leaving the house and "[g]oing to where there's a lot of people." AR 55; *see* AR 19. The Court rejects the Commissioner's argument.

Second, the Commissioner suggests, but does not explicitly argue, that the ALJ discounted Plaintiff's testimony because it contradicted Dr. Whitehead's opinion. Plaintiff correctly notes that the ALJ did not rely on Dr. Whitehead's report in making her credibility determination. AR 20. Furthermore, Dr. Whitehead's report does not contradict Plaintiff's testimony. Rather, Dr. Whitehead merely opined that Plaintiff's mental impairments *considered alone* caused only moderate limitations. AR 584-87. Dr. Whitehead did not evaluate the effect of Plaintiff's physical impairments, nor was she qualified to do so. The Commissioner's argument fails. The Court finds that the ALJ did not provide a specific, clear, and convincing reason for discrediting Plaintiff's testimony.

## C. Non-Medical Lay Witness Testimony

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony regarding a claimant's symptoms or how an impairment

affects her ability to work is competent evidence. *Id.* Thus, an ALJ may not reject such testimony without comment. *Id.* In rejecting lay testimony, the ALJ need not "discuss every witness's testimony on an individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

An ALJ errs by failing to "explain her reasons for disregarding . . . lay witness testimony, either individually or in the aggregate." *Id.* at 1115 (quoting *Nguyen*, 100 F.3d at 1467 (9th Cir. 1996)). This error may be harmless "where the testimony is similar to other testimony that the ALJ validly discounted, or where the testimony is contradicted by more reliable medical evidence that the ALJ credited." *See id*. at 1118-19. Additionally, "an ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims.'" *Id.* at 1122 (quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011)). Although the ALJ provided no reason for disregarding Cathy B.'s statement, the testimony is similar to Plaintiff's testimony. The ALJ's rejection of Plaintiff's testimony, however, was not legally valid for the reasons explained above. Thus, the ALJ's failure to comment on Cathy B.'s testimony was also in error.

## D. PA-C Kenney's Testimony

Under the regulations in effect at the time of Plaintiff's application, only licensed physicians and certain other qualified specialists are considered acceptable medical sources. 20 C.F.R. § 404.1513(a); *see also* Social Security Ruling ("SSR") 06-03p, *available at* 2006 WL 2329939 (Aug. 9, 2006) (defining "acceptable medical sources" as licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech pathologists). Health care providers who are not acceptable medical sources, such

as physician assistants, are still considered "medical sources," and the ALJ can use these "other" medical source opinions in determining the "severity of the individual's impairment(s) and how it affects the individual's ability to function." 20 C.F.R. § 404.1513(d).

The ALJ also should consider the same factors, if relevant, to evaluate the opinions of both non-acceptable and acceptable medical sources. 20 C.F.R. § 404.1527(f)(1). These factors include (1) the examining relationship (more weight is generally given to an examining source over a non-examining source); (2) the treatment relationship (more weight is generally given to opinions from treating sources because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)"); (3) the length of the treatment relationship and frequency of examination; (4) the nature and extent of the treatment relationship (more weight is generally given to sources with more knowledge about the claimant's impairments); (5) supportability (the degree to which a medical source presents relevant evidence, including medical signs and testing, and explanations to support an opinion); (6) consistency with the medical record as a whole; (7) specialization (more weight is generally given to specialists' opinions about medical issues related to their areas of specialty); and (8) other relevant factors (including knowledge about social security "disability programs and their evidentiary requirements" and "the extent to which a medical source is familiar with the other information in [the claimant's] case record"). *Id.* § 404.1527(c). The ALJ "should explain the weight given to opinions from [medical] sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning." *Id.* § 404.1527(f)(2).

An ALJ may not reject the competent testimony of other medical sources without comment. *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). To reject the competent

testimony of "other" medical sources, the ALJ must give "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).

The ALJ gave little weight to the opinions of Jamie Kenney, PA-C because her "opinions are not related to the specialty of the reporting medical provider and are not consistent with the record as whole." AR 21. The Commissioner argues that the ALJ justifiably gave more weight to Dr. Whitehead, who held a Ph.D. in psychology, than to Ms. Kenney, whose opinions were more supportive of a disability determination. In response Plaintiff notes that the regulations require an ALJ to consider more than the specialty of the doctor, including the length of the treatment relationship and the frequency of examination, nature and extent of the treatment relationship, supportability, and consistency. 20 C.F.R. § 404.1527(c).

Furthermore, the ALJ never stated that she gave little weight to PA-C Kenney's opinions because they conflicted with Dr. Whitehead's. In fact, she never specified the portion of the record with which PA-C Kenney's opinions were inconsistent. Though the Commissioner identifies portions of the record that allegedly conflict with PA-C Kenney's opinions, the law requires that *the ALJ* must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion if another medical opinion contradicts it. *Ryan*, 528 F.3d at 1198. The ALJ's failure to do so is reversible error, as the Court cannot determine whether the Commissioner's decision was arbitrary on this record.

### E. Remand

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210 (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v.*

*Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

As explained above, the ALJ made reversible legal errors by failing to provide specific, clear, and convincing evidence for only partially crediting Plaintiff's testimony; by failing to provide any reason for disregarding the lay witness testimony of Plaintiff's wife; and by failing to give sufficient reason for limiting the weight of PA-C Kenney's opinion.

Plaintiff makes a strong case that she is disabled. Plaintiff's testimony details extensive limitations on her ability to complete even basic tasks; to sit or stand for six hours out of every eight-hour work day; to maintain regular attendance at work; or take only regularly scheduled

breaks. This testimony is supported by the lay witness testimony of Cathy B. and the opinion of PA-C Kenney, who estimated that Plaintiff would miss four days of work per month or more due to the combination of her physical and mental impairments. The vocational expert testified that more than one absence per month would preclude a person from gainful activity. AR 61. Neither the ALJ nor the Commissioner identified any specific evidence in the record that contradicts the evidence of severe impairment due to physical and mental limitations.

Though the record appears to be fully developed, it is not free from conflicts and ambiguities, and it is thus appropriate for the Court to remand for further proceedings rather than for immediate calculation of benefits. While it is true that Drs. Whitehead and Wharry only evaluated Plaintiff's mental impairments, their opinions support a finding that those impairments on their own cannot establish disability. On remand, the ALJ must consider Plaintiff's mental and physical impairments in combination and determine whether all of Plaintiff's impairments, considered together, equal a Listing or otherwise establish disability.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

DATED this 25th day of November, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge